1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TAHER RHUMA, et al.,                    No.  2:20-cv-02366 JAM AC PS

12              Plaintiffs,

13         v.                                 ORDER

14    STATE OF LIBYA,

15              Defendant.

16

17         Plaintiffs are proceeding in this action pro se, and the matter is accordingly before the

18    undersigned for pretrial proceedings pursuant to E.D. Cal. R. 302(c)(21).  An Order to Show

19    Cause issued on December 20, 2021, directing plaintiffs to demonstrate that service was properly

20    completed.  ECF No. 17.[1]  Plaintiffs have now responded to the OSC.  ECF No. 19.

21                        I.     PROCEDURAL BACKGROUND

22         This case was filed on December 1, 2020.  ECF No. 1.  Plaintiffs are attempting to sue the

23    State of Libya under the Foreign Sovereign Immunities Act for events that transpired in Libya

24    decades ago; they seek compensation for the expropriation of a family business by the previous

25    regime, and for the death in custody of a family member.  Id.  On January 12, 2021, plaintiffs

26

27    [1]  The court issued a separate order to show cause to defendant.  ECF No. 18.  That order was
      served by mail but returned to the court as undeliverable.  See Docket Notation dated January 25,
28    2022.

                                                  1

filed a certificate of service.  ECF No. 4.  The return of service document states that personal

service was completed upon defendant at "Ministry of Foreign Affairs and International

Cooperation – Ash Shatt St, Tripoli, Libya.  Received by Ramzi Mohammed Muktar."  Id. at 2.

Mr. Muktar's position at the Ministry is not specified.  The document is signed (presumably by

server Younes Ahweej, although the signature itself is illegible) and dated December 24, 2020.

Id.  The Declaration of Server portion of the return form identifies the services provided as

"special arrangements."  Id.

On January 29, 2021, the court received an unsigned letter, in English, on letterhead

reading in English "Government of National Accord, Ministry of Foreign Affairs."  ECF No. 5 at

2.[2]  In addition to being unsigned, the letter failed to identify its creator by name, rank, or office,[3]

and the document gives no indication of having been drafted by counsel.  Because the letter

responded substantively to the summons and complaint, it was construed and docketed as a pro se

answer by the Clerk's Office.  ECF No. 5.[4]  The letter states, in relevant part, that "Service of

Process was served through a special agreement between the State of Libya and the Plaintiffs;

Taher Rhuma, Khadija Kanoun, and Mohamad Laham.  The service of the documents was

delivered to the Foreign Affairs Office located in Ash Shatt ST, Tripoli, Libya."  Id. at 4.  The

document itself, including the English language portion of the letterhead, did not include any

address for the Ministry of Foreign Affairs.  The international shipping materials provide a return

address of "Ministry of Foreign Affairs and International Corporation [sic], Ash Shatt Street,

Misurata, Libya."  Id. at 14.  This is a different city than Tripoli, where service was reportedly

accomplished.

////

---

[2]  The letterhead also contains Arabic writing, and the document bears several official looking seals.

[3]  A separate administrative form, signed on behalf of defendant by an individual named by Modammed Ammah Al-Shraidi, was also filed.  ECF No. 6.  No title for this individual was provided.

[4]  Foreign states and other governmental entities may not appear in pro se.  As explained in the Order to Show Cause issued to defendant, ECF No. 18, this "answer" is defective in multiple ways and will be stricken by separate order.

At the initial status conference on October 27, 2021, there was no appearance on behalf of defendant.  Court documents mailed to defendant at the address of record had previously been returned as undeliverable.  Accordingly, the court questioned plaintiffs about the efficacy of service and the details of the "special agreement" by which it had been accomplished.  Plaintiffs explained that service had been arranged with the Libyan Ministry of Foreign Affairs by a Libyan attorney acting on plaintiffs' behalf.  Plaintiffs stated that they do not know the identity of the individual or individuals within the Libyan government who had been party to the service arrangement, and that they had no direct communication with representatives of the State of Libya regarding the effectuation of service.

On December 20, 2021, in light of the numerous irregularities here noted, the undersigned ordered plaintiff to show cause in writing why this case should not be dismissed for lack of proper service.  ECF No. 17.

## II.    SERVICE OF A FOREIGN STATE

Pursuant to Federal Rule of Civil Procedure 4(j), a foreign state must be served in accordance with 28 U.S.C. § 1608.  The reference to Section 1608 of the Judicial Code incorporates the specific modes of service provided for in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330, et seq., which is "the exclusive source of subject matter jurisdiction over all suits involving foreign states or their instrumentalities."  Gupta v. Thai Airways Int'l, Ltd., 487 F.3d 759, 763 (9th Cir. 2007) (citation and quotation omitted); 28 U.S.C. § 1608(a).  Section 1608(a) provides that service upon a foreign state shall be made in one of the four following ways:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed

and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned; or

(4) if service cannot be made within 30 days under paragraph (3) by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

28 U.S.C. § 1608(a).

## III.    RESPONSE TO THE ORDER TO SHOW CAUSE

Plaintiffs have filed a response to the order to show cause, supported by declarations from each plaintiff as well as a declaration from retired Libyan lawyer Abdul Majeed Al Mayat.  ECF No. 19.  Mr. Al Mayat explains how he assisted plaintiffs with service of process.  As translated by a certified Arabic-English translator, he declares as follows:

… I visited the Libyan Foreign Affairs Office to inquire about how to give notice of the case filed against the state of Libya.  I was told at the Ministry's reception desk that the concerned party should send a letter to the Ministry of Foreign Affairs and Cooperation (Libya) at the following address: (Ash Shatt St, Tripoli, Libya).  Once the Incoming Correspondence Section receives the letter, it will be forwarded to the competent authorities at the Ministry of Foreign Affairs and International Cooperation (Libya).

ECF No. 19 at 3.

Mr. Mayat denies having had any contact with Ramzy Mohammed Muktar (the individual named on the return of service as having received process) or Mohammed Ammah Al-Shraidi (the individual associated by the Clerk's Office with submission of the putative response to the summons and complaint), and declares further that he has had no contact with any officials or employees of the Ministry of Foreign Affairs.  Id.

The plaintiffs all report that Mr. Myat reported to them that the receptionist at the Ministry had sent him to the mail room (or "mailing lobby"), where a clerk told him that any mail should be sent to them for delivery to the proper department.  Id. at 6 (Declaration of Mohammed Lahm); 9 (Declaration of Khadija Kanoun); 13 (Declaration of Taher Rhuma).  Based on this information

4

from Mr. Myat, the plaintiffs themselves sent the summons and complaint to the Ministry by "courier" (id. at 6) or "processor" (id. at 6, 13).  All plaintiffs deny any personal knowledge of, or contact with, Ramzy Mohammed Muktar, Mohammed Ammah Al-Shraidi, or any other officials or employees of the Ministry of Foreign Affairs.  Id.

Taher Rhuma declares that before the plaintiffs contacted Mr. Al Mayat for assistance, he (Mr. Rhuma) had asked the Clerk of Court via email to serve the documents pursuant to 28 U.S.C. 1608(a)(3).  ECF No. 19 at 12.  Mr. Rhuma reports that the Clerk informed him that "[t]he Clerk will prepare and issue a Summons when appropriate; but we are not involved in Service." Id.  Mr. Rhuma cited the statute to the clerk but did not receive a response.  Id.  He sent a follow up email, and reports the clerk responded that "this will be sent to 'The proper person for answering.'"  When Mr. Rhuma did not receive any confirmation that service had been completed by the Clerk's Office, plaintiffs reached out to Mr. Mayat for assistance.  Id. at 19.

IV.     ADEQUACY OF SERVICE

It is clear to the court that defendant, the State of Libya, has not been properly served. Absent proper service under Federal Rule of Civil Procedure 4, the court does not have jurisdiction over the defendant.  Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  Although Rule 4 is liberally construed, "substantial compliance" is required and neither simply naming the defendant in the complaint or the defendant having actual notice is sufficient.  Id.

Here, none of the service options under Rule 4(j) and 28 U.S.C. § 1608(a) have been demonstrated.  The proof of service that was filed in this case states that service was accomplished by "special arrangements," ECF No. 4 at 2, suggesting service under § 1608(a)(1). However, the response to the order to show cause does not identify any "special arrangement for service between the plaintiff and the foreign state or political subdivision."  28 U.S.C. § 1608(a)(1).  Neither any plaintiff nor their agent Mr. Mayat claim to have made special arrangements for service with someone representing the foreign state; indeed, all deny having had any contact with any Ministry officials.  It is perfectly obvious that neither a receptionist nor a mailroom clerk has authority on behalf of the State of Libya to make a special agreement for

service of process in a particular lawsuit, and general instructions about the routing of mail does not constitute a "special arrangement" for service of legal process.

Because Libya is not a party to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters,[5] service cannot be accomplished under § 1608(a)(2).

The fact that someone in the Libyan government (or purporting to be part of the Libyan government) seems to have become aware of the complaint and responded to it, does not indicate that service was properly accomplished. First, for the reasons stated in both OSCs, the provenance of the letter previously construed as an answer is highly suspicious for several reasons. See ECF Nos. 17, 18. Second, even if the State is Libya has become aware of the lawsuit one way or another, such notice is insufficient to confer jurisdiction. See Direct Mail Specialists, 840 F.2d at 688.

The undersigned previously noted that plaintiffs did not appear to have attempted service under § 1608(a)(3). ECF No. 17 at 4. Mr. Rhuma's declaration indicates that service by the Clerk's Office was in fact attempted, albeit ineffectively. It appears that plaintiffs were not provided the procedures for seeking such service under the statute. Accordingly, the court will sua sponte extend the deadline for service[6] and clarify the steps necessary for service to be accomplished through the Clerk of Court via 28 U.S.C. § 1608(a)(3).

V.     REQUIREMENTS FOR SERVICE PERSUANT TO 28 U.S.C. § 1608(a)(3)

To serve an agency or instrumentality of a foreign state pursuant to the Foreign Sovereign Immunities Act, 28 USC §1608 (a) (3), the Clerk of Court requires you to furnish the following:

(1) LETTER OF REQUEST: A letter, addressed to the Clerk of Court Keith Holland, requesting service of the documents pursuant to the Foreign Sovereign Immunities Act, 28 USC §1608 (a)(3). Include in the letter the name(s), title(s) and address(es) of the person(s) to be

---

[5] See Hague Conf. on Private Int'l Law, http://www.hcch.net/index_en.php?act=conventions.status&cid=17.

[6] Courts may extend the time for service even after the Rule 4(m) deadline has expired, Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003), and there is no specific test that a court must apply in deciding whether to exercise its discretion to extend the period for service, In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).

1  served, and specify the documents being served.

2       (2) DOCUMENTS: One (1) copy of the summons, complaint, notice of suit (any

3  additional documents filed at the time case was opened), and affidavit of translator along with

4  translations of each document in the country's official language for each party/defendant to be

5  served; and one (1) copy of each of these documents for the Court's file.  The notice of suit must

6  be prepared pursuant to 22 CFR §93.2.  A copy of these documents must also be tendered to the

7  Clerk's Office along with the other papers mentioned above.  NOTE: AFFIDAVIT OF

8  TRANSLATOR: An affidavit from the translator stating his/her qualifications and that the

9  translation is accurate for each party being served and one (1) for the Court's file.

10       (3) Select a method of service for the documents and provide the following:

11            A. VIA U.S. POSTAL SERVICE

12                 1.  ENVELOPE(S): One envelope, sufficient to hold an entire set of papers,

13  addressed to each party being served with the law firm's return address.

14                 2.  RETURN RECEIPTS:

15                   a.  A pink return receipt card (Postal Service Form #2865) made out to the

16  party being served with the return address of the Clerk of Court. On the upper left hand corner of

17  this card you must include both the case number and judge's initials.

18                   b.  A white return receipt (Postal Service Form #3806) made out to the

19  party being served with the return address of the law firm.

20                 3.  MONEY: A sum of cash sufficient for postage and registration and

21  return receipt fees.  If the amount of cash tendered is insufficient, you will be contacted and the

22  documents will be held in the Clerk's Office until additional funds are received.  Cash for each

23  party to be served must be kept separately.  All mailings are brought to the Post Office on

24  Monday, Wednesday and Friday mornings after 9:00 am.  All documents submitted for mailing

25  must be delivered the previous day no later than 4:00 pm.  You may pick up the change two

26  business days later after 11:00 am.  As per postal rules, customs form (P.S. Form 2976) must be

27  included when using a letter sized envelope or if the package weighs 1 to 4 pounds.

28  ////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B. SERVICE VIA FED-EX OR DHL

     1.  ENVELOPE(S): One envelope, per defendant, sufficient to hold an entire set of papers.

     2.  INTERNATIONAL AIR WAYBILL: Addressed to the party being served, the law firm's return address and law firm's account number.

     3.  Use the appropriate shipping company's website to print a tracking summary indicating that the package was delivered to its ultimate destination.  Provide a copy of that tracking summary and a cover letter to the Clerk as your Return of Service.

     Plaintiffs are cautioned that they are responsible for providing an accurate mailing address for the Ministry of Foreign Affairs in Libya.  The repeated return of court mail sent to the Ministry of Foreign Affairs and International Cooperation at Ash Shatt Street, Misurata, Libya, indicates that this address is not correct.[7]  Plaintiffs are also responsible for identifying the name and title of the person to whom process should be directed, who should be the official who is authorized to receive international service on behalf of the Libyan national government.[8]  This information must be provided to the Clerk as specified above.  All required information, documents, materials and payment should be provided together, in hard copy, to the Clerks' Office, United States District Court for the Eastern District of California, 501 I Street, Sacramento, California 95814.

CONCLUSION

     In accordance with the foregoing, it is ORDERED that the service deadline is extended by 90 days from the date of this order.

////

////

////

---

[7]  The court is aware that the address for the Ministry provided in plaintiff's previous filings is in Tripoli, not in Misurata, although the street name is the same; the Misurata address was presumably taken from the return address of the document sent to the court from Libya in response to the summons and complaint.

[8]  This is often the Minister of Justice and/or the Minister of Foreign Affairs of a foreign state, or their equivalent.

If plaintiffs wish to complete service through 28 U.S.C. § 1608(a)(3), they must comply with the steps listed above.  Failure to properly complete service will result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

DATED:  March 7, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE