UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHER RHUMA, et al., | No. 2:20-cv-02366 DAD AC PS |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| STATE OF LIBYA, | |
| Defendant. | |

Plaintiffs, appearing in pro se, filed documentation regarding service of defendant on July 25, 2022, indicating that service documents were delivered via DHL on June 19, 2022. ECF No. 27 at 2. Defendant has not answered or appeared, even though over 135 days have passed since service. Plaintiffs have not taken any action.

Plaintiffs are ordered to show cause within 30 days why this case should not be dismissed for failure to prosecute. <u>If plaintiffs request entry of default it will discharge this order.</u> Plaintiffs are informed below of the procedures to be followed in pursuing a default judgment.

<u>Procedure for Default and Default Judgment</u>

A party seeking default judgment must first request entry of default from the Clerk's Office under Fed. R. Civ. P. 55(a). The court Clerk determines whether entry is appropriate by reviewing the requesting party's request and accompanying documentation. If the Clerk finds that the facts establish a failure to plead or otherwise defend, the Clerk will enter a default

////

without any need for a judicial order. A default entry is not a judgment, but it is a necessary precondition for judgment.

If the plaintiff is granted entry of default by the Clerk of the Court, plaintiff may apply to the court to obtain a default judgement. Fed. R. Civ. Proc. 55(b)(2). Plaintiff must file a motion for entry of default judgment and notice the motion for hearing before the undersigned pursuant to Local Rule 230. The motion may be made any time after entry of defendant's default.

However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered by the Clerk, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Any motion for default judgment under Fed. R. Civ. Proc. 55(b)(2) should address the factors set forth in Eitel v. McCool, above.

////

Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is Ordered to Show Cause, in writing within 30 days why this action should not be dismissed for failure to prosecute;
2. Plaintiffs' filing of a request for entry of default will discharge this order;
3. If plaintiffs fail to comply with this order, the undersigned will recommend that the case be dismissed without prejudice for failure to prosecute.

DATED: November 2, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE