UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHER RHUMA, et al., | No. 2:20-cv-02366 DAD AC PS |
| Plaintiffs, | |
| v. | ORDER |
| STATE OF LIBYA, | |
| Defendant. | |

    This case has not advanced since its commencement two years ago, due to defective service of process and/or failure of defendant to appear in conformity with the law. See ECF Nos. 17 (order to show case directed to plaintiffs, regarding adequacy of service), 18 (order to show cause directed to defendant, regarding legitimacy of answer), 20 (order striking purported answer), 21 (order extending time for service). On July 25, 2022, plaintiffs filed documentation indicating that defendant had been served with unspecified court documents via DHL on June 19, 2022. ECF No. 27 at 2.[1] Defendant has not answered or appeared, even though over 135 days have passed since the date of purported service.

    Plaintiffs have taken no action to advance the case since providing service documents to the Clerk's Office. On November 2, 2022, the undersigned issued an order to show cause why

---

[1] It appears that all required service documents were submitted to the Clerk's Office by plaintiffs, ECF No. 25, and were delivered to DHL by the Clerk's Office, ECF No. 26.

1

this case should not be dismissed for failure to prosecute. ECF No. 31. The court noted that plaintiffs request for entry of default would discharge the order, and plaintiffs were provided information about the process for seeking default judgment. Id.

On November 21, 2022, plaintiffs filed a response to the order to show cause stating that their legal advisor in Libya had contacted the Libyan Foreign Affairs office and discovered that an answer was sent to the State Department in Washington, D.C., with instructions that it be delivered to this court. ECF No. 32. This information does not resolve the outstanding order to show cause, because the fact remains that defendant has not appeared in this case.[2]

The court will provide plaintiffs with a final 30-day period in which to advance their case. The court cannot give legal advice to pro se plaintiffs about what they should do; information about default judgment procedures has already been provided, ECF No. 31, and pro se litigants must follow the same rules and procedures as other litigants, see United States v. Merrill, 746 F.2d 458, 465 (9th Cir. 1984), cert. denied, 469 U.S. 1165 (1985). If plaintiffs do not take action pursuant to the Federal Rules of Civil Procedure to prosecute this lawsuit, the undersigned will recommend that the action be dismissed for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that plaintiffs shall take action to advance this case, in compliance with the Federal Rules of Civil Procedure, within 30 days. Failure to advance the case will result in a recommendation to the assigned U.S. District Judge that this case be dismissed for failure to prosecute.

DATED: November 28, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] The U.S. Department of State does not file pleadings in the courts of the United States on behalf of foreign governments. This representation continues the pattern in this case of highly irregular conduct purportedly taken on behalf of the government of Libya. See ECF No. 20 (enumerating irregularities). It is also noteworthy that recent court documents served on defendant at the address provided by plaintiffs, and to which service was directed (see ECF No. 25-11), have been returned as undeliverable. See docket notations dated 8/8/22, 11/18/22.