UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHER RHUMA, et al., | No. 2:20-cv-02366-DJC-AC-PS |
| Plaintiffs, | |
| v. | ORDER |
| STATE OF LIBYA, | |
| Defendant. | |

Plaintiffs proceed in this action in pro per.  The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On March 29, 2023, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within twenty one days. (ECF No. 35.)  The Magistrate Judge recommends that this action be dismissed as to Plaintiff Mohamad Laham without prejudice for failure to prosecute and follow court orders, and as to Plaintiffs Taher Rhuma and Khadija Kanoun with prejudice for lack of jurisdiction based on res judicata. (*Id.* at 17.)  Plaintiffs have filed objections to the findings and recommendations. (ECF No. 37.)

////

////

1

**LEGAL STANDARD**

Under the Federal Magistrates Act, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). If no party objects, there is no prescribed standard of review. *See United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise").

As Plaintiffs have filed objections, the Court will apply a de novo standard of review. For the reasons set forth below, the Court declines to adopt the Magistrate Judge's findings and recommendations.

**I.     Failure to Prosecute and Follow Court Orders**

First, the Magistrate Judge's finding that Plaintiffs failed to follow court orders is not entirely supported by the record.

Section 1608(a) governs service of process on "a foreign state or political subdivision of a foreign state." 28 U.S.C. § 1608(a); Fed. R. Civ. P. 4(j)(1). In particular, it sets out in hierarchical order four methods by which "[s]ervice . . . shall be made." 28 U.S.C. § 1608(a). The Magistrate Judge previously found that service could not be made under section 1608(a)(1) or 1608(a)(2). (ECF 21 at 5–6.). Thus, Plaintiffs were ordered to provide service documents along with a letter of request for service to the Clerk of Court that included the "name(s), title(s) and address(es) of the person(s) to be served" so that service could occur under section 1608(a)(3). (*Id.* at 6–7.) Section 1608(a)(3) requires that service be sent "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). Plaintiffs provided the required documents, (ECF No. 25,) and the Clerk's Office

mailed them to Libya via DHL on June 8, 2022, (ECF No. 26.)  On July 25, 2022, Plaintiffs filed proof of service indicating that the summons and complaint had been delivered to the Libyan Ministry of Foreign Affairs (the "Ministry"), Ash Shatt St., Tripoli, Libya on June 19, 2022.  (ECF No. 27.)  Despite delivery of the service packet, Defendant has not appeared in this action to-date.  (ECF No. 35 at 4.)

       The Magistrate Judge found that Plaintiffs failed to follow the court's orders because "[t]he letter that plaintiff provided did not specify by name and title any person to be served, but simply identified the Ministry of Foreign Affairs in Tripoli as the intended recipient."  (ECF No. 35 at 13.)  However, in Plaintiffs' letter to the Clerk of Court, they specified that "[t]he following documents . . . must be addressed to the Head of the Libyan Ministry of Foreign affairs and international cooperations, Najla Mohammed El Mangoush."  (ECF No. 25 at 1.)  Minister El Mangoush was the Minister of Foreign Affairs (the "Minister") when Plaintiffs provided the service packet to the Clerk of Court.  Further, the waybill on the DHL envelope the service documents were sent in states "ATTN: MINISTER NAJ."  (ECF No. 25-11.)  "A letter or package is 'addressed' to an intended recipient when his or her name and 'address' is placed on the outside of the item to be sent." *Republic of Sudan v. Harrison*, 139 S. Ct. 1408, 1506 (2019).  Here, the package included at least a portion of the Minister's name, along with the address for the Ministry; while it would have been preferrable to include the Minister's full name, this shows that Plaintiffs were attempting to comply with the court's directions.  Indeed, it appears the address used by Plaintiffs was correct as the DHL proof of delivery shows the service packet was delivered to the Ministry, (ECF No. 27,) although the Court agrees with the Magistrate Judge that this does not clarify if the service packet was given to the Minister herself as the package was signed for by an unknown individual named "Hamza," (ECF No. 35 at 15.)  Finally, while the Magistrate Judge is correct that the summonses were directed generally to the State of Libya, without reference by name or title to any specific Libyan official authorized to receive service, (ECF No. 35 at 13,) the Magistrate Judge did not specify

this requirement previously, (*see* ECF No. 21.)  Thus, Plaintiffs largely complied with the Magistrate Judge's directions.

While the Court finds that Plaintiffs substantially complied with the Magistrate Judge's directions regarding service, it also concerned that Plaintiffs have failed to diligently advance this matter despite many admonitions to do so.  The Magistrate Judge has correctly observed that this case cannot be allowed to languish on this Court's docket.  Thus, this Court will grant Plaintiffs one final opportunity to properly serve Defendant and take appropriate steps contemplated under the Federal Rules of Civil Procedure to prosecute this matter once service has been completed, or this matter will be dismissed.

Because Plaintiffs have attempted service under section 1608(a)(3) and service failed, Plaintiffs may attempt service under section 1608(a)(4).[1]  *See* 28 U.S.C. § 1608(a)(4).  Service is accomplished

> by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services–and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

*Id.*  When service is undertaken in this way, service is regarded as having occurred on the transmittal date shown on the certified copy of the diplomatic note.  28 U.S.C. § 1608(c)(1); *Harrison*, 139 S. Ct. at 1059.

This Court now orders that the service deadline is extended by 90 days from the date of this order[2] to permit Plaintiffs to attempt service under section 1608(a)(4).

---

[1] *See* U.S. Dept. of State, *FSIA Checklist* (last updated June 1, 2023), https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/FSIA-Checklist.html for guidance on service under section 1608(a)(4).

[2] Courts may extend the time for service even after the Rule 4(m) deadline has expired, *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

## II.   Res Judicata

Second, the Court finds there is no prudential reason to apply res judicata here. Res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).  The Supreme Court has explained that tribunals normally should not base their decisions on res judicata if the parties have not raised that issue, although the Court has also noted that a sua sponte finding of res judicata "might be appropriate in special circumstances," particularly to avoid "unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000).  The Court further stated, however, that "where no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar sua sponte, thereby eroding the principle of party presentation so basic to our system of adjudication." *Id.* at 412–13.

The Magistrate Judge has found that res judicata should apply here as to Plaintiffs Rhuma and Kanoun because a previous pro se lawsuit brought by members of their family, which also sought recompense for the seizure of the family's business, was dismissed for lack of subject matter jurisdiction.  *See Rhuma et al. v. State of Libya*, No. 2:13-cv-02286 MCE AC at ECF Nos. 36, 38, 39.  The Court agrees with the Magistrate Judge's reasoning that res judicata could potentially bar this action. However, because the Court will not dismiss this action as to Plaintiff Laham, but will instead grant one further opportunity to effect service on Defendant, the Court finds that no judicial resources will be conserved by dismissing Plaintiffs Rhuma and Kanoun at this time.

Thus, the Court declines to adopt the Magistrate Judge's finding concerning res judicata.

////

////

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court declines to adopt the findings and recommendations (ECF No. 35) of the Magistrate Judge;
2. The service deadline is extended by 90 days from the date of this order;
3. Plaintiffs are directed to serve Defendant under U.S.C. § 1608(a)(4) and take action to advance this case once service has been completed;
4. Failure to comply with this order may result in dismissal of this case; and
5. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **September 7, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE